## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. KUSUM HOSPITALITY MANAGEMENT, INC. d/b/a KUSUM MANAGEMENT COMPANY, | ) ) ) ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 5:20-cv-00602-JD |
| | ) | |
| 1. MT. HAWLEY INSURANCE COMPANY, and | ) ) | |
| 2. HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) | |
| | ) ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK TO THE PETITION FOR DECLARATORY JUDGMENT

The Defendant Homeland Insurance Company of New York (hereinafter "Homeland") for its answer and affirmative defenses to the Petition for Declaratory Judgment (the "Petition") filed by the Kusum Hospitality Management, Inc. d/b/a Kusum Management Company ("Plaintiff") generally denies each and every material allegation except those specifically admitted.

## ANSWER

1.      In response to Paragraph 1 of the Petition, based on information and belief, Homeland admits that Plaintiff owns certain listed properties in the State of Oklahoma, as set forth in Policy No. MCP0169828 and Policy No. 795-01-13-10-000 (hereinafter collectively referred to as the "Policies"). To the extent properties identified in Paragraph

1 of the Petition are not listed in the Policies, Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Petition and, accordingly, denies the same.

2.     The allegations in Paragraph 2 of the Petition are not directed to Homeland. As such, a response is not required from it.  To the extent a response is deemed necessary, Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Petition and, accordingly, denies the same.

3.     Homeland admits the allegations in Paragraph 3 of the Petition.

4.     The allegations in Paragraph 4 of the Petition purport to state legal conclusions to which no response is necessary.

5.     Homeland denies the allegations in Paragraph 5 of the Petition.

6.     To the extent the allegations in Paragraph 6 of the Petition are directed to Homeland, Homeland admits that Policy No. MCP0169828 (the "Mt. Hawley Policy") insures certain listed property of the Plaintiff in the State of Oklahoma, subject to all policy terms, conditions, and exclusions.  The terms, conditions, and exclusions of the Mt. Hawley Policy speak for themselves.  To the extent a response is deemed necessary, Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Petition and, accordingly, denies the same.

7.     To the extent the allegations in Paragraph 7 of the Petition are directed to Homeland, Homeland admits that the Mt. Hawley Policy insures certain listed property of the Plaintiff in the State of Oklahoma, subject to all policy terms, conditions, and exclusions.  The terms, conditions, and exclusions of the Mt. Hawley Policy speak for

themselves. To the extent a response is deemed necessary, Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Petition and, accordingly, denies the same.

8.     To the extent the allegations in Paragraph 8 of the Petition are directed to Homeland, Homeland admits that the Mt. Hawley Policy insures certain listed property of the Plaintiff in the State of Oklahoma, subject to all policy terms, conditions, and exclusions. The terms, conditions, and exclusions of the Mt. Hawley Policy speak for themselves. To the extent a response is deemed necessary, Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Petition and, accordingly, denies the same.

9.     To the extent the allegations in Paragraph 9 of the Petition are directed to Homeland, Homeland admits that the Mt. Hawley Policy insures certain listed property of the Plaintiff in the State of Oklahoma, subject to all policy terms, conditions, and exclusions. The terms, conditions, and exclusions of the Mt. Hawley Policy speak for themselves. To the extent a response is deemed necessary, Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Petition and, accordingly, denies the same.

10.    To the extent the allegations in Paragraph 10 of the Petition are directed to Homeland, Homeland admits that the Mt. Hawley Policy insures certain listed property of the Plaintiff in the State of Oklahoma, subject to all policy terms, conditions, and exclusions. The terms, conditions, and exclusions of the Mt. Hawley Policy speak for themselves. To the extent a response is deemed necessary, Homeland is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Petition and, accordingly, denies the same.

11.     To the extent the allegations in Paragraph 11 of the Petition are directed to Homeland, Homeland admits that the Mt. Hawley Policy insures certain listed property of the Plaintiff in the State of Oklahoma, subject to all policy terms, conditions, and exclusions.  The terms, conditions, and exclusions of the Mt. Hawley Policy speak for themselves.   To the extent a response is deemed necessary, Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Petition and, accordingly, denies the same.

12.     To the extent the allegations in Paragraph 12 of the Petition are directed to Homeland, Homeland admits that the Mt. Hawley Policy insures certain listed property of the Plaintiff in the State of Oklahoma, subject to all policy terms, conditions, and exclusions.  The terms, conditions, and exclusions of the Mt. Hawley Policy speak for themselves.   To the extent a response is deemed necessary, Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Petition and, accordingly, denies the same.

13.     In response to Paragraph 13 of the Petition, Homeland admits that Policy No. 795-01-13-10-000 (the "Homeland Policy") insures certain listed property of the Plaintiff in the State of Oklahoma, subject to all policy terms, conditions, and exclusions.  The terms, conditions, and exclusions of the Homeland Policy speak for themselves. Homeland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 the Petition and, accordingly, denies the same.

14.     In response to Paragraph 14 of the Petition, Homeland denies the accuracy of the partially quoted language of Section I.D. of the Homeland Policy.  Homeland further answers that Section I.E. of the Homeland Policy states: "Coverage provided under this Policy will not be broader than that provided by the **"underlying insurance"**.  If the terms conditions, limitations or exclusions in this Policy are more restrictive than those of the **"primary underling insurance"**, the more restrictive provisions of this Policy will apply." Any remaining allegations in Paragraph 14 of the Petition are denied.

15.     The document identified in Paragraph 15 of the Petition, being in writing, speaks for itself.  To the extent the allegations in Paragraph 15 differ from the language of that document, the same are denied.  Any remaining allegations in Paragraph 15 of the Petition are denied.

16.     The document identified in Paragraph 16 of the Petition, being in writing, speaks for itself.  To the extent the allegations in Paragraph 16 differ from the language of that document, the same are denied.  Any remaining allegations in Paragraph 16 of the Petition are denied.

17.     The documents identified in Paragraph 17 of the Petition, being in writing, speak for themselves.  To the extent the allegations in this Paragraph differ from those documents, the same are denied.  Any remaining allegations in Paragraph 17 of the Petition are denied.

18.     Homeland denies the allegations in Paragraph 18 of the Petition.

19.     The allegations in Paragraph 19 of the Petition purport to quote from a YouTube video.  The comments speak for themselves.  To the extent the allegations in Paragraph 19 purport to set forth allegations against Homeland, the same are denied.

20.     The allegations in Paragraph 20 of the Petition purport to state Plaintiff's claims in this matter.  As such, a response is not required to those allegations.

21.     The allegations in Paragraph 21 of the Petition purport to state a legal conclusion to which no response is necessary.

22.     The allegations in Paragraph 22 of the Petition purport to state Plaintiff's claims in this matter.  As such, a response is not required to those allegations.

23.     The allegations in Paragraph 23 of the Petition purport to state legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Homeland is without knowledge or information sufficient to form a belief as to the truth of the legal or factual allegations in Paragraph 23 of the Petition and, accordingly, denies the same.

24.     Homeland denies the allegations in Paragraph 24 of the Petition.

## **PRAYER FOR RELIEF**

Homeland denies that Plaintiff is entitled to the declaratory judgment that it requests. Except as previously admitted or qualified in this Answer, Homeland denies every allegation in the Petition.  Homeland prays that Plaintiff take nothing by reason of its Petition, that the Petition be dismissed with prejudice, and Homeland have and recover judgment for its costs herein and for such other and further relief as the Court deems just and equitable.

## SPECIFIC DENIAL

Under 12 O.S. § 2009(C), Homeland specifically denies that Plaintiff has met all conditions precedent to bring this lawsuit. By way of example and not limitation, Homeland states that Plaintiff never submitted an insurance claim or provided proper notice of loss or damages to Homeland before filing this lawsuit. Plaintiff has also not provided a description of how, when and where the loss or damage occurred, as required by the Homeland Policy.

## AFFIRMATIVE DEFENSES

Having answered the individually numbered Paragraphs of Plaintiff's Petition, Homeland asserts the following defenses. By setting forth these affirmative defenses, Homeland does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim, in whole or in part, against Homeland upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Homeland Policy Exclusion G, which provides that the Homeland Policy does not insure against loss or damage caused directly or indirectly by or resulting from the actual or threatened existence, growth,

presence, proliferation, spread, release, transmission, migration, dispersal or any activity of any virus.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the exclusions in the Policies for delay or loss of markets.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the exclusions in the Policies for any increase of loss, which may be occasioned by the suspension, lapse, or cancellation of any lease or license, contract or order.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the exclusions in the Policies for pollution and/or contamination.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the exclusion in the Policies for any loss caused by or resulting from acts or decisions of governmental authority.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that there is any coverage under the Policies, Plaintiff's claims for losses resulting from business interruption are limited to the extent Plaintiff could have reduced the losses by complete or partial resumption of operations at the interrupted location or by making use of merchandise or other property at the interrupted location or elsewhere.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent there is any coverage under the Policies, Plaintiff's failure to mitigate, minimize, or otherwise avoid any losses or damages, must reduce any recovery against Homeland.

## NINTH AFFIRMATIVE DEFENSE

Without admitting that Homeland must plead any provision of the Policies as an affirmative defense, or that Homeland has the burden of proof on any provision or issue set forth herein, Plaintiff's claims are barred, in whole or in part, to the extent they were not caused by direct physical loss or damage covered by the  Policy.

## TENTH AFFIRMATIVE DEFENSE

Without admitting that Homeland must plead any provision of the Policies as an affirmative defense, or that Homeland has the burden of proof on any provision or issue set forth herein, Plaintiff's claims against Homeland are barred to the extent that the alleged occurrence has not exceeded the underlying insurance layer(s).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the provisions of the Policies regarding occurrences, limits, sub-limits, waiting periods, and deductibles applicable to any coverages or coverage extensions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds and to the extent Plaintiff failed to perform or satisfy some or all of the conditions precedent to any further obligations of Homeland under the Policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no coverage on the grounds and to the extent that Plaintiff's claims are barred by the doctrines of waiver, estoppel, or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Homeland are premature in that it there has been no showing that the value of Plaintiff's claims and losses, if covered, have reached Homeland's attachment point.

## FIFTEENTH AFFIRMATIVE DEFENSE

Homeland's excess policy has not been triggered as the underlying layers of coverage have not been exhausted by actual payment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for Business Interruption is limited, in whole or in part, to the extent the loss did not result directly from physical loss or damage, as covered by the Policies to real and/or personal property insured by the Policies, occurring during the term of the Policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for Extra Expense is limited, in whole or in part, to the extent any claimed expenses were not incurred to continue as nearly as practicable the normal operation of the Plaintiff's business following damage to or destruction of covered property by a covered peril which is on premises owned, leased or occupied by the Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking coverage under the Policies' Civil Authority provisions, Plaintiff's claims are limited, in whole or in part, to the extent Plaintiff did not actually sustain a loss, when as a direct result of physical loss or damage caused by a covered peril(s) specified by the Policies and occurring at property located within a 1 mile of covered property, access to the property covered by the Policies was prohibited by a civil authority.  Any Civil Authority coverage would also be limited by the Policies' 72 hour waiting period for Business Interruption and four week limitation period, among other limitations and conditions.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Homeland Policy's Provision entitled LEGAL ACTION AGAINST US, which requires full compliance with the terms of the Homeland Policy a condition precedent to filing suit.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's claimed loss and damage.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to and limited by all of the terms, conditions, limits, sub-limits, exclusions, and deductibles contained in the policy issued to it by Homeland, as well as the terms and conditions of the Mt. Hawley Policy, all of which are asserted and relied upon and none of which are waived.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims may be subject to the Loss Appraisal provision of the Homeland Policies and the Arbitration of Value provision of the Policies, which apply in the event of any disagreement to the amount of loss. Homeland specifically reserves its rights under the Loss Appraisal and Arbitration of Value provision of the Homeland Policies and the Policies

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Homeland reserves the right to amend its Answer to this Petition as discovery progresses, including the right to raise additional affirmative defenses asserted by present or future defendants to this action.

Respectfully submitted,

*s/Amy Sherry Fischer*
Amy Sherry Fischer-OBA# 16651
Jordyn L. Cartmell-OBA# 31043
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
amyfischer@oklahomacounsel.com
jordyncartmell@oklahomacounsel.com

**ATTORNEYS FOR DEFENDANT
HOMELAND INSURANCE COMPANY OF
NEW YORK**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1<u>st</u> day of July, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Reggie N. Whitten
Michael Burrage
J. Revell Parrish
J. Renley Dennis
WHITTEN BURRAGE
512 N. Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rparrish@whittenburragelaw.com
jdennis@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFFS**

Gary C. Crapster
STEIDLY & NEAL, PLLC
2448 E. 81st Street, 53rd Floor
Tulsa, OK 74137
Telephone: (918) 664-4612
Facsimile: (918) 664-4133
gcc@steidley-neal.com

**ATTORNEYS FOR DEFENDANT**
**MT. HAWLEY INSURANCE COMPANY**

*s/Amy Sherry Fischer*
Amy Sherry Fischer